```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


STEVEN E. WOOLARD,              )
                                )
            Plaintiff,          )
                                )
      v.                        )    No. 4:05-CV-1212(CAS)
                                )
CITY OF OLIVETTE POLICE         )
DEPARTMENT,                     )
                                )
            Defendants.         )
```

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Steven E. Woolard for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Also before the Court is applicant's motion for appointment of counsel [Doc. #4]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff seeks damages against the City of Olivette Police Department.  Plaintiff asserts that on July 12, 2005, he was arrested by two officers from the Olivette Police Department who failed to read him his Miranda rights.

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  The alleged failure of the police officers to read plaintiff his rights as required by Miranda v. Arizona, 384 U.S. 436 (1966), does not give rise to a separate damages claim

under 42 U.S.C. § 1983.  See Warren v. City of Lincoln, 864 F.2d 1436, 1442 (8th Cir. 1989); see also Williams v. Weaver, 2000 WL 1844684, *4 (S.D. Ala., Nov. 7, 2000) (noting that Dickerson v. United States, 120 S. Ct. 2326 (2000), which merely held that Miranda may not be superceded legislatively, has no application to § 1983 cases).  Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 27th day of October, 2005.

_____
**UNITED STATES DISTRICT JUDGE**